UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

IN RE:

Mark J. Lies                                                        CHAPTER 7
                                                          CASE NO.  09-40248-NCD

     Debtor.

_____

NOTICE OF HEARING AND MOTION OF TRUSTEE FOR AUTHORITY TO SELL REAL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS

_____

TO:    Parties specified in Local Rule 9013-3.

     Timothy D. Moratzka  ("Trustee") as Chapter 7 Trustee for the Bankruptcy Estate of the

Debtor, Mark J. Lies, by and through his undersigned attorneys, moves the Court for the relief

requested below and gives notice of hearing.

     The Court will hold a hearing on this motion at 1:30 p.m. on September 1, 2010, before

the Honorable Nancy C. Dreher in Courtroom 7 West, U.S. Courthouse, 300 South Fourth Street,

Minneapolis, Minnesota.

     Any response to this motion must be filed and served not later than 1:30 p.m. on August

30, 2010, which is 48 hours before the time set for the hearing (including Saturdays, Sundays,

and holidays).  UNLESS A WRITTEN RESPONSE IS TIMELY FILED, THE COURT MAY

GRANT THE MOTION WITHOUT A HEARING.

JURISDICTION

    1.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334, Fed.R.Bankr.P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The

petition commencing an involuntary Chapter 7 case was filed on January 16, 2009.  The case is

now pending in this Court.

2.     This motion arises under 11 U.S.C. §363(b)(1) and (f) and Bankruptcy Rule 6004. This motion is filed under Bankruptcy Rule 9014 and Local Rules 6004-1 and 9013-1 through 9013-3.

## RELIEF SOUGHT

3.     The Trustee requests an order authorizing him to sell the Estate's interest in the following real property, free and clear of liens:

> The land referred to is situated in the State of Minnesota, County of Morrison, and is legally described as follows:
>
> Lot 11, Highland Park Terrance, according to the plat thereof on file and of record in the office of the County Recorder in and for Morrison County, Minnesota.
>
> Property Address:  13313 Thomas Drive, Little Falls, MN  56345
>
> (the "Real Property")

## THE OFFER TO PURCHASE

4.     The Trustee has received an offer to purchase the Estate's interest in the Real Property from Leighanne H. Holmes   ("Holmes") for the sum of Two Hundred Thirty-Nine Thousand and no/100ths ($239,000) and pursuant to the terms of the Purchase Agreement attached hereto as Exhibit "A".

5.     Real estate taxes for 2009 and prior years have been paid.  The real estate taxes due and payable in the year 2010 in the amount of $2466 are half paid.

6.     The sale is free and clear of all liens, claims, and interests, except as set forth herein, and the Order approving the Sale will provide for a sale of the Estate's interest in the Real Property, free and clear of liens with certain, if any, liens attaching to the proceeds or paid at closing.

<u>STATEMENT OF BUSINESS JUDGMENT</u>

7.      Trustee has received no other firm offers in writing to purchase the Real Property without contingencies and believes that the proposed offer represents the best price that can be obtained for the Real Property.    The appraised value of the Real Property is $242,000.00.

8.      The Assessor's Estimated Market Value ("AEMV") is $227,200  as of January 2, 2010, of record for Parcel ID No. 16.0683.000.

9.       The Debtor, Mark John Lies, has an undivided 1/9th interest in the real interest as joint tenant with Mary Catherine Lange, Thomas William Lies, Patrick Joseph Lies, Mark John Lies, Laurie Ann Lorzier, Michael Francis Liens, James Martin Lies, William Matthew Lies and Susan Jane Silber.

10.      The Debtor has claimed a portion of this real estate as exempt in the amount of $9000 which will be paid to the Debtor at the real estate closing.

11.      The sale will generate estimated proceeds to the Estate as follows:

| | |
|---|---|
| Gross Sale Price: | $239,000 |
| | |
| Less: | |
| Cost of Sale: | $8684.7 |
| Real Estate Taxes: | |
| 2010 | $388.66 |
| (7/1/10 to 8/27/10) | |
| Mary Catherine Lange: | $25,547.40 |
| Thomas William Lies: | $25,547.40 |
| Patrick Joseph Lies: | $25,547.40 |
| Laruie Ann Lozier | $25,547.40 |
| Michael Frances Lies: | $25,547.40 |
| William Matthew Lies | $25,547.40 |
| James Mailen Lies: | $25,547.40 |
| Susan Jane Silber: | $25,547.40 |
| Mark John Lies: | $9000.00 |
| | |
| Net Sales Proceeds: | $16,547.44 |

12.     Trustee has received no other inquiries about acquisition of the Real Property. The Trustee believes that the proposed sale of Real Property is in the best interests of the Estate and its creditors and should be approved.

13.     The sale does not have a disproportionately negative tax effect on the Estate based on the Trustee's analysis of the Estate's tax attributes.

14.     Holmes will pay the Broker fees in the amount of $7,170.00 which represents 3% of the sale price.

15.     The Trustee's opinions as to value of the Real Property being sold are supported by the appraisal, the market conditions and the inability to generate any other offers.

16.     The Trustee, in his discretion and exercising his business judgment, may withdraw this motion to sell at any time prior to court approval.

<u>COMPETING OFFERS</u>

17.     If any party desires to make a higher dollar offer to purchase the Real Property on the same terms as described above, a notice must be served on the Trustee and all other Joint Tenants within 72 hours prior to the hearing date set forth above:

Timothy D. Moratzka,                     Thomas Lies
Trustee for Mark J. Lies                 Attorney for the Estate of Delores Ann Lies
1400 AT&T Tower                          630 Roosevelt Rd., Suite 101
901 Marquette Avenue                     St. Cloud, MN  56302
Minneapolis, MN 55402

18.     The Buyer will be allowed to make a counter offer on any offers received.

<u>EXPEDITED RELIEF REQUESTED</u>

19.     Local Rule 9006-1(d) permits expedited relief to be sought.  An expedited hearing on the relief sought is appropriate, as the Purchaser has secured financing and may be lost if the closing is not on or before August 31, 2010.

20.     The offer will have to be accepted by all Joint Tenants.

4

WHEREFORE, the Trustee requests that the Bankruptcy Court grant his request for authority to sell the Estate's interest in Real Property to Holmes and that certain liens shall attach to the proceeds.

Dated: August 24, 2010

MACKALL, CROUNSE & MOORE, PLC

/e/Timothy D. Moratzka
Timothy D. Moratzka (#75036)
Attorney for Trustee
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400

VERIFICATION

Timothy D. Moratzka declares under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on:  August 24, 2010

Signed:  /e/Timothy D. Moratzka
Timothy D. Moratzka

## COUNTEROFFER ADDENDUM

This form approved by the Minnesota Association of REALTORS®,
which disclaims any liability arising out of use or misuse of this form.
© 2007 Minnesota Association of REALTORS®, Edina, MN

1. Date _May 13, 2010_
2. Page _____

3. Addendum to Purchase Agreement, Counteroffer Number _____

4. by ☐ Buyer ☒ Seller to the Purchase Agreement, dated _May 13,_____, 20 _10_
   (Check one.)

5. and signed by Buyer, _Leighanne H. Holmes_

6. pertaining to the purchase and sale of the property located at _13313 Thomas Drive_

7. _Little Falls, MN. 56345._

8. **[CAUTION: This Counteroffer Addendum does not include the terms or conditions in any other**
9. **counteroffer.]**

10. The Purchase Agreement is rejected and the following Counteroffer is hereby made. All terms and conditions remain
11. the same, as stated in the Purchase Agreement, except the following:

12. *(Select appropriate changes from original offer.)*

13. ☒ Sale price shall be $ _239 000_

14. ☐ Earnest money shall be a total of $ _____

15. ☐ Cash of at least _____ percent (%) of the sale price, which includes the earnest money; PLUS;

16. ☐ Financing, the total amount secured against the property to fund the purchase not to exceed _____
17.    percent (%) of the sale price.

18. ☒ Closing date shall be _on or before Aug 31_, 20 _10_

19. ☐ Seller agrees to complete all FHA/Lender required repairs, not to exceed $ _____

20. ☐ Seller shall pay Buyer's closing costs, prepaids, insurance and _____

21.    not to exceed $ _____

22. ☐ Possession shall be on _____ , 20 _____

23. ☐ Other: _____

24. _____
25. _____
26. _____
27. _____

28. _____ 5/26/2010        _____ 13 May 10
    (Seller's Signature)  (Date)   (Buyer's Signature)  (Date)

29. _____ _____        _____ _____
    (Seller's Signature)  (Date)   (Buyer's Signature)  (Date)

30. This Counteroffer Addendum is ☐ REJECTED ☐ COUNTERED _____ _____
    (Check one.)                                   (Initial)  (Initial)

31. **ATTACH ONLY THE FINAL COUNTEROFFER ADDENDUM TO THE PURCHASE AGREEMENT.**

32.    **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
33.    **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

MN:CO (8/07)

EXHIBIT
A

**Century 21**

**New Horizons Realty Inc**
15594 Hwy 27
Little Falls, MN 56345
Office: (320) 632-2381

### PURCHASE AGREEMENT
This form approved by the Minnesota Association of REALTORS®,
which disclaims any liability arising out of use or misuse of this form.
© 2009 Minnesota Association of REALTORS®, Edina, MN

1. Date *May 12, 2010*
2. Page 1 of

3. RECEIVED OF *Stephanne H. Holmes*
4.
5. the sum of *One thousand*
6. by ☒ CHECK ☐ CASH ☐ NOTE as earnest money to be deposited upon Final Acceptance of Purchase ........ Dollars ($ *1,000.00* )
   (Check one.)
7. Agreement by all parties, on or before the third Business Day after Final Acceptance, in the trust account of listing
8. broker, unless otherwise agreed to in writing, but to be returned to Buyer if Purchase Agreement is not accepted
9. by Seller.
10. Said earnest money is part payment for the purchase of the property located at
11. Street Address: *1313 Thomas Drive*
12. City of *Little Falls*, County of *Morrison*
13. State of Minnesota, legally described as *Highland Park Terrace Lot 11*
14.
15.
16.
17.
18. including all fixtures on the following property, if any, owned by Seller and used and located on said property,
19. including but not limited to garden bulbs, plants, shrubs and trees; storm sash, storm doors, screens and awnings;
20. window shades, blinds, traverse and curtain and drapery rods; attached lighting fixtures and bulbs; plumbing
21. fixtures, water heater, heating plants (with any burners, non-fuel tanks, stokers and other equipment used in connection
22. therewith), built-in air-conditioning equipment, electronic air filter, water softener ☒ OWNED ☐ RENTED ☐ NONE,
    (Check one.)
23. built-in humidifier and dehumidifier, liquid fuel tank(s) ☐ OWNED ☐ RENTED ☒ NONE and controls (if the
24. property of Seller), sump pump; attached television antenna, cable TV jacks and wiring; **BUILT-INS:** dishwashers,
25. garbage disposals, trash compactors, ovens, cook-top stoves, microwave ovens, hood fans, intercoms;
26. **ATTACHED:** carpeting; mirrors; garage door openers and all controls; smoke detectors; fireplace screens, doors and
27. heatilators; AND the following personal property:
28.
29.
30.
31.
32. all of which property Seller has this day agreed to sell to Buyer for sum of ($ ~~225,000~~ *239,000* )
33. *Two hundred twenty-five thousand* .......... Dollars,
34. which Buyer agrees to pay in the following manner:
35. 1. Cash of at least *0* percent (%) of the sale price, which includes the earnest money; PLUS
36. 2. Financing, the total amount secured against this property to fund this purchase, not to exceed *112,970*
37. percent (%) of the sale price.
38. Such financing shall be (check one) ☐ a first mortgage; ☐ a contract for deed; or ☐ a first mortgage with
39. subordinate financing, as described in the attached Addendum.
40. ☐ Conventional ☐ FHA ☒ DVA ☐ Assumption ☐ Contract for Deed ☐ Other:
    (Check one.)
41. The date of closing shall be *on or before Aug 1, 2010*, 20 *10*,

MN:PA-1 (8/09)

## PURCHASE AGREEMENT

42. Address *13313 Thomas Drive*

43. Page 2 Date *May 22, 2010*

44. This Purchase Agreement ☐ IS ☒ IS NOT subject to a *Contingency Addendum* for sale of Buyer's property.
    *(Check one.)*

45. (If answer is IS, see attached *Addendum*.)

46. (If answer is IS NOT, the closing of Buyer's property, if any, may still affect Buyer's ability to obtain financing, if financing

47. is applicable.)

48. This Purchase Agreement ☐ IS ☒ IS NOT subject to cancellation of a previously written purchase agreement
    *(Check one.)*

49. dated _____ , 20 _____

50. (If answer is IS, said cancellation shall be obtained no later than _____ , 20 _____ . If

51. said cancellation is not obtained by said date, this Purchase Agreement is canceled. Buyer and Seller shall immediately

52. sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid

53. hereunder to be refunded to Buyer.)

54. Buyer has been made aware of the availability of property inspections. Buyer ☐ Elects ☒ Declines to have a
    *(Check one.)*

55. property inspection performed at Buyer's expense.

56. This Purchase Agreement ☐ IS ☒ IS NOT subject to an *Inspection Contingency Addendum.*
    *(Check one.)*

57. (If answer is IS, see attached *Addendum*.)

58. **DEED/MARKETABLE TITLE:** Upon performance by Buyer, Seller shall deliver a

59. ☒ **Warranty Deed** or ☐ **Other:** _____ Deed joined in by spouse, if any, conveying
    *(Check one.)*

60. marketable title, subject to

61. (a) building and zoning laws, ordinances, and state and federal regulations;

62. (b) restrictions relating to use or improvement of the property without effective forfeiture provisions;

63. (c) reservation of any mineral rights by the State of Minnesota;

64. (d) utility and drainage easements which do not interfere with existing improvements;

65. (e) rights of tenants as follows (unless specified, not subject to tenancies): _____

66. _____ ; and

67. (f) others (must be specified in writing): _____

68. _____

69. Seller shall pay on the date of closing all real estate taxes due and payable in all prior years including all penalties and

70. interest.

71. ☐ **BUYER SHALL PAY** ☒ **SELLER SHALL PAY** on date of closing any deferred real estate taxes (e.g., Green
    *(Check one.)*

72. Acres) or special assessments, payment of which is required as a result of the closing of this sale.

73. ☐ **BUYER AND SELLER SHALL PRORATE AS OF THE DATE OF CLOSING** ☒ **SELLER SHALL PAY ON**
    *(Check one.)*

74. **DATE OF CLOSING** all installments of special assessments certified for payment, with the real estate taxes due and

75. payable in the year of closing.

76. ☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PAY** on date of closing all other special assessments levied as
    *(Check one.)*

77. of the date of this Purchase Agreement.

78. ☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PROVIDE FOR PAYMENT OF** special assessments pending as
    *(Check one.)*

79. of the date of this Purchase Agreement for improvements that have been ordered by any assessing authorities. (Seller's

80. provision for payment shall be by payment into escrow of two (2) times the estimated amount of the assessments or

81. less, as required by Buyer's lender.)

82. Buyer shall pay any unpaid special assessments payable in the year following closing and thereafter, the payment of

83. which is not otherwise herein provided.

MN:PA-2 (8/09)

## PURCHASE AGREEMENT

84. Address _63263 Thomas Drive_

85. Page 3 Date _May 12, 2010_

86. As of the date of this Purchase Agreement, Seller represents that Seller ☐ HAS ☒ HAS NOT received a notice
(Check one.)
87. regarding any new improvement project from any assessing authorities, the costs of which project may be assessed
88. against the property. Any such notice received by Seller after the date of this Purchase Agreement shall
89. shall be provided to Buyer immediately. If such notice is issued after the date of this Purchase Agreement and on
90. or before the date of closing, then the parties may agree in writing, on or before the date of closing, to pay, provide
91. for the payment of or assume the special assessments. In the absence of such agreement, either party may declare
92. this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other
93. party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled,
94. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
95. directing all earnest money paid hereunder to be refunded to Buyer.

96. Buyer shall pay ☒ PRORATED FROM DAY OF CLOSING ☐ _____ 12ths OF ☐ ALL ☐ NO real estate taxes due
(Check one.)
97. and payable in the year 20_10_

98. Seller shall pay ☒ PRORATED TO DAY OF CLOSING ☐ _____ 12ths OF ☐ ALL ☐ NO real estate taxes due and
(Check one.)
99. payable in the year 20_10_. If the closing date is changed, the real estate taxes paid shall, if prorated, be adjusted
100. to the new closing date. Seller warrants taxes due and payable in the year 20_10_ shall be ☒ FULL ☐ PART ☐ NON-
101. homestead classification.
(Check one.)

102. If part- or non-homestead classification is checked, Seller agrees to pay Buyer at closing $ _N/A_
103. toward the non-homestead real estate taxes. Buyer agrees to pay any remaining balance of non-homestead taxes
104. when they become due and payable. Buyer shall pay real estate taxes due and payable in the year following closing
105. and thereafter, the payment of which is not otherwise herein provided. No representations are made concerning the
106. amount of subsequent real estate taxes.

107. **POSSESSION:** Seller shall deliver possession of the property no later than _immediately_ after closing.
108. All interest, unit owners' association dues; rents; and charges for city water, city sewer, electricity and natural gas shall
109. be prorated between the parties as of date of closing. Buyer shall pay Seller for remaining gallons of fuel oil or liquid
110. petroleum gas on the day of closing, at the rate of the last fill by Seller. Seller agrees to remove ALL DEBRIS AND
111. ALL PERSONAL PROPERTY NOT INCLUDED HEREIN from the property by possession date.

112. **TITLE AND EXAMINATION:** Within a reasonable time period after Final Acceptance of this Purchase Agreement, Seller
113. shall provide one of the following title evidence options, at Seller's selection, which shall include proper searches
114. covering bankruptcies, state and federal judgments and liens, and levied and pending special assessments to Buyer
115. or Buyer's designated title service provider:

116.     (1) A commitment for an owner's policy of title insurance on a current ALTA form issued by an insurer licensed
117.         to write title insurance in Minnesota as selected by Buyer. Seller shall be responsible for the title search and
118.         exam costs related to the commitment. Buyer shall be responsible for all additional costs related to the issuance
119.         of the title insurance policy(ies) including but not limited to the premium(s), Buyer's name search and plat
120.         drawing, if any. Seller shall surrender a copy of any owner's title insurance policy and Abstract of Title, if in
121.         Seller's possession or control, for this property to Buyer or Buyer's designated title service provider.
122.     (2) An Abstract of Title certified to date if Abstract Property or a Registered Property Abstract (RPA) certified to
123.         date if Registered (Torrens) property. Seller shall pay for the abstracting or RPA costs and surrender any
124.         abstract for this property in Seller's possession or control to Buyer or Buyer's designated title service provider.
125.         If property is Abstract and Seller does not have an Abstract of Title, Option (1) will automatically apply.

126. Seller shall use Seller's best efforts to provide marketable title by the date of closing. In the event Seller has not
127. provided marketable title by the date of closing, Seller shall have an additional 30 days to make title marketable, or in
128. the alternative, Buyer may waive title defects by written notice to Seller. In addition to the 30-day extension, Buyer
129. and Seller may, by mutual agreement, further extend the closing date. Lacking such extension, either party may declare
130. this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other
131. party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled,
132. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
133. directing all earnest money paid hereunder to be refunded to Buyer.

MN:PA-3 (8/09)

## PURCHASE AGREEMENT

134. Page 4

135. **SUBDIVISION OF LAND:** If this sale constitutes or requires a subdivision of land owned by Seller, Seller shall pay
136. all subdivision expenses and obtain all necessary governmental approvals. Seller warrants that the legal description
137. of the real property to be conveyed has been or shall be approved for recording as of the date of closing, Seller warrants
138. that the buildings are or shall be constructed entirely within the boundary lines of the property. Seller warrants that
139. there is a right of access to the property from a public right-of-way. These warranties shall survive the delivery of the
140. deed or contract for deed.

141. Seller warrants that prior to the closing, payment in full will have been made for all labor, materials, machinery, fixtures
142. or tools furnished within the 120 days immediately preceding the closing in connection with construction, alteration or
143. repair of any structure on, or improvement to, the property.

144. Seller warrants that Seller has not received any notice from any governmental authority as to condemnation proceedings,
145. or violation of any law, ordinance or regulation. If the property is subject to restrictive covenants, Seller warrants that
146. Seller has not received any notice from any person or authority as to a breach of the covenants. Any such notices
147. received by Seller shall be provided to Buyer immediately.

148. Seller agrees to allow reasonable access to the property for performance of any surveys or inspections agreed to
149. herein.

150. **RISK OF LOSS:** If there is any loss or damage to the property between the date hereof and the date of closing for any
151. reason, including fire, vandalism, flood, earthquake or act of God, the risk of loss shall be on Seller. If the property
152. is destroyed or substantially damaged before the closing date, this Purchase Agreement is canceled, at Buyer's option,
153. by written notice to Seller or licensee representing or assisting Seller. If Buyer cancels this Purchase Agreement,
154. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
155. directing all earnest money paid hereunder to be refunded to Buyer.

156. **TIME OF ESSENCE:** Time is of the essence in this Purchase Agreement.

157. **ENTIRE AGREEMENT:** This Purchase Agreement, any attached exhibits and any addenda or amendments signed
158. by the parties shall constitute the entire agreement between Seller and Buyer and supersedes any other written or
159. oral agreements between Seller and Buyer. This Purchase Agreement can be modified or canceled only in writing
160. signed by Seller and Buyer or by operation of law. All monetary sums are deemed to be United States currency for
161. purposes of this Purchase Agreement. Buyer or Seller may be required to pay certain closing costs, which may effectively
162. increase the cash outlay at closing or reduce the proceeds from the sale.

163. **FINAL ACCEPTANCE:** To be binding, this Purchase Agreement must be fully executed by both parties and a copy
164. must be delivered.

165. **CALCULATION OF DAYS:** Any calculation of days begins on the first day (calendar or Business Days as specified)
166. following the occurrence of the event specified and includes subsequent days (calendar or Business Days as specified)
167. ending at 11:59 P.M. on the last day.

168. **BUSINESS DAYS:** "Business Days" are days which are not Saturdays, Sundays or state or federal holidays unless
169. stated elsewhere by the parties in writing.

170. **DEFAULT:** If Buyer defaults in any of the agreements hereunder, Seller may terminate this Purchase Agreement
171. under the provisions of MN Statute 559.21. If either Buyer or Seller defaults in any of the agreements hereunder or
172. there exists an unfulfilled condition after the date specified for fulfillment, either party may cancel this Purchase
173. Agreement under MN Statute 559.217, Subd. 3. Whenever it is provided herein that this Purchase Agreement is
174. canceled, said language shall be deemed a provision authorizing a Declaratory Cancellation under MN Statute 559.217,
175. Subd. 4.

176. If this Purchase Agreement is not canceled or terminated as provided hereunder, Buyer or Seller may seek actual
177. damages for breach of this Purchase Agreement or specific performance of this Purchase Agreement; and, as to
178. specific performance, such action must be commenced within six months after such right of action arises.

179. **NOTICE REGARDING PREDATORY OFFENDER INFORMATION: Information regarding the predatory offender**
180. **registry and persons registered with the predatory offender registry under MN Statute 243.166 may be obtained**
181. **by contacting the local law enforcement offices in the community where the property is located or the Minnesota**
182. **Department of Corrections at (651) 361-7200, or from the Department of Corrections web site at**
183. **www.corr.state.mn.us.**

MN:PA-4 (2/09)

## PURCHASE AGREEMENT

184. Address _13313 Thomas Drive_

185. Page 5    Date _May 13, 2010_

186. **ENVIRONMENTAL CONCERNS:** To the best of Seller's knowledge, there are no hazardous substances or underground

187. storage tanks except herein noted: _____

188. _____

189. _____

190. _____

191. _____

192. _____

193. _____

194. _____

195. _____

196. _____

197. *(Check appropriate boxes.)*

198. SELLER WARRANTS THAT THE PROPERTY IS EITHER DIRECTLY OR INDIRECTLY CONNECTED TO:

199. **CITY SEWER** ☐ YES ☒ NO / **CITY WATER** ☐ YES ☒ NO

200. <u>SUBSURFACE SEWAGE TREATMENT SYSTEM</u>

201. SELLER CERTIFIES THAT SELLER ☒ DOES ☐ DOES NOT KNOW OF A SUBSURFACE SEWAGE TREATMENT
      ————— (Check one.) —————

202. SYSTEM ON OR SERVING THE PROPERTY. (If answer is **DOES**, and the system does not require a state permit,

203. see *Subsurface Sewage Treatment System Disclosure Statement*.)

204. <u>PRIVATE WELL</u>

205. SELLER CERTIFIES THAT SELLER ☒ DOES ☐ DOES NOT KNOW OF A WELL ON OR SERVING THE
      ————— (Check one.) —————

206. PROPERTY. (If answer is **DOES** and well is located on the property, see *Well Disclosure Statement*.)

207. THIS PURCHASE AGREEMENT ☒ IS ☐ IS NOT SUBJECT TO A *SUBSURFACE SEWAGE TREATMENT SYSTEM*
      ————— (Check one.) —————

208. *AND WELL INSPECTION CONTINGENCY ADDENDUM.* (If answer is **IS**, see attached *Addendum*.)

209. IF A WELL OR SUBSURFACE SEWAGE TREATMENT SYSTEM EXISTS ON THE PROPERTY, BUYER HAS

210. RECEIVED A *WELL DISCLOSURE STATEMENT* AND/OR A *SUBSURFACE SEWAGE TREATMENT SYSTEM*

211. *DISCLOSURE STATEMENT.*

212.

213. _Doreen J. Lagerer_                           **NOTICE**
      (Licensee)                    is ☐ Seller's Agent ☒ Buyer's Agent ☐ Dual Agent ☐ Facilitator.
                                        ————— (Check one.) —————

214. _Century 21 New Horizons_
      (Real Estate Company Name)

215. _____                  is ☐ Seller's Agent ☐ Buyer's Agent ☐ Dual Agent ☐ Facilitator.
      (Licensee)                                ————— (Check one.) —————

216. _____
      (Real Estate Company Name)

217. **THIS NOTICE DOES NOT SATISFY MINNESOTA STATUTORY AGENCY DISCLOSURE REQUIREMENTS.**

MN:PA-5 (8/09)

## PURCHASE AGREEMENT

218. Address *L3213 Thomas Drive*

219. Page 6 Date *May 12, 2010*

220. SELLER WARRANTS THAT CENTRAL AIR-CONDITIONING, HEATING, PLUMBING AND WIRING SYSTEMS USED
221. AND LOCATED ON SAID PROPERTY SHALL BE IN WORKING ORDER ON DATE OF CLOSING, EXCEPT AS
222. NOTED IN THIS PURCHASE AGREEMENT.

223. BUYER HAS THE RIGHT TO A WALK-THROUGH REVIEW OF THE PROPERTY PRIOR TO CLOSING TO
224. ESTABLISH THAT THE PROPERTY IS IN SUBSTANTIALLY THE SAME CONDITION AS OF THE DATE OF
225. THIS PURCHASE AGREEMENT.

226. BUYER ☐ HAS ☒ HAS NOT RECEIVED A *SELLER'S PROPERTY DISCLOSURE STATEMENT* OR A
*(Check one.)*
227. *SELLER'S DISCLOSURE ALTERNATIVES* FORM.

228. BUYER HAS RECEIVED THE INSPECTION REPORTS, IF REQUIRED BY MUNICIPALITY. SELLER AGREES TO
229. NOTIFY BUYER IMMEDIATELY IN WRITING OF ANY SUBSTANTIVE CHANGES FROM ANY PRIOR
230. REPRESENTATIONS REGARDING THE PROPERTY.

231. IN THE EVENT BUYER AND SELLER HAVE ELECTED 'WAIVER' ON THE *SELLER'S DISCLOSURE ALTERNATIVES*
232. FORM, THEN DO NOT COMPLETE LINES 233-238.

233. BUYER ACKNOWLEDGES THAT NO ORAL REPRESENTATIONS HAVE BEEN MADE REGARDING POSSIBLE
234. PROBLEMS OF WATER IN BASEMENT OR DAMAGE CAUSED BY WATER ICE OR ICE BUILDUP ON ROOF OF
235. THE PROPERTY, AND BUYER RELIES SOLELY IN THAT REGARD ON THE FOLLOWING STATEMENT BY
236. SELLER.

237. SELLER ☐ HAS ☒ HAS NOT HAD A WET BASEMENT AND ☐ HAS ☒ HAS NOT HAD ROOF, WALL OR
*(Check one.)* *(Check one.)*
238. CEILING DAMAGE CAUSED BY WATER OR ICE BUILDUP.

239. **DUAL AGENCY REPRESENTATION**
240. **PLEASE CHECK _ONE_ OF THE FOLLOWING SELECTIONS:**

241. ☒ Dual Agency representation *DOES NOT* apply in this transaction. *Do not complete lines 242-258.*

242. ☐ Dual Agency representation *DOES* apply in this transaction. *Complete the disclosure in lines 243-258.*

243. Broker represents both the Seller(s) and the Buyer(s) of the property involved in this transaction, which creates a
244. dual agency. This means that Broker and its salespersons owe fiduciary duties to both Seller(s) and Buyer(s). Because
245. the parties may have conflicting interests, Broker and its salespersons are prohibited from advocating exclusively for
246. either party. Broker cannot act as a dual agent in this transaction without the consent of both Seller(s) and Buyer(s).
247. Seller(s) and Buyer(s) acknowledge that

248.     (1) confidential information communicated to Broker which regards price, terms, or motivation to buy or sell will
249.     remain confidential unless Seller(s) or Buyer(s) instructs Broker in writing to disclose this information. Other
250.     information will be shared;

251.     (2) Broker and its salespersons will not represent the interest of either party to the detriment of the other; and

252.     (3) within the limits of dual agency, Broker and its salespersons will work diligently to facilitate the mechanics of
253.     the sale.

254. With the knowledge and understanding of the explanation above, Seller(s) and Buyer(s) authorize and instruct Broker
255. and its salesperson to act as dual agents in this transaction.

256. Seller _____  Buyer _____

257. Seller _____  Buyer _____

258. Date _____  Date _____

MN:PA-6 (8/09)

**New Horizons Realty Inc**

**PUR _ _IASE AGREEMENT**

259.  Address _____

260.  Page 7   Date _____

261.  OTHER: A Carbon Monoxide detector will be in place and operational within 10' of each legal bedroom.

262. _____

263. _____

264. _____

265.  Other addenda may be attached which are made a part of this Purchase Agreement.
266.  this Purchase Agreement, including addenda, on line two (2) of page one (1).)  (Enter total number of pages of

267.  I, the owner of the property, accept this Purchase
268.  Agreement and authorize the listing broker to withdraw
269.  said property from the market, unless instructed
270.  otherwise in writing.
271.  I have reviewed all pages of this Purchase Agreement.

I agree to purchase the property for the price and on
the terms and conditions set forth above
I have reviewed all pages of this Purchase
Agreement.

272.  ☐ If checked, this Purchase Agreement is subject to
273.      attached Counteroffer Addendum.

274.  X _____
       (Seller's Signature)                          (Date)

       X _____
       (Buyer's Signature)                          (Date)

275.  X  JAMES M. LIES
       (Seller's Printed Name)

       X _____
       (Buyer's Printed Name)

276.  X  SINGLE
       (Marital Status)

       X _____
       (Marital Status)

277.  X _____
       (Seller's Signature)                          (Date)

       X _____
       (Buyer's Signature)                          (Date)

278.  X _____
       (Seller's Printed Name)

       X _____
       (Buyer's Printed Name)

279.  X _____
       (Marital Status)

       X _____
       (Marital Status)

280.  FINAL ACCEPTANCE DATE _____

281.          THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).
282.       IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

283.  I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE ARBITRATION
284.  DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT, WHICH IS AN OPTIONAL,
285.  VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.

286.  SELLER(S) _____        BUYER(S) _____

287.  SELLER(S) _____        BUYER(S) _____

MN:PA-7 (8/09)

261. OTHER: _____

262. _____

263. _____

264. _____

265. Other addenda may be attached which are made a part of this Purchase Agreement. (Enter total number of pages of
266. this Purchase Agreement, including addenda, on line two (2) of page one (1).)

267. I, the owner of the property, accept this Purchase
268. Agreement and authorize the listing broker to withdraw
269. said property from the market, unless instructed
270. otherwise in writing.
271. I have reviewed all pages of this Purchase Agreement.

I agree to purchase the property for the price and on
the terms and conditions set forth above
I have reviewed all pages of this Purchase
Agreement.

272. ☐ If checked, this Purchase Agreement is subject to
273. attached *Counteroffer Addendum.*

mFL

274. X *Michael F. Lies*          12 May 10
    (Seller's Signature)          (Date)

X _____    12 May 10
  (Buyer's Signature)          (Date)

mFL

275. X *Michael F. Lies*
    (Seller's Printed Name)

X _____ leighanne Holmes
  (Buyer's Printed Name)

mFL

276. X *Single*
    (Marital Status)

X *Pending Legal Divorce
    Soon*
  (Marital Status)

277. X *Laurie A. Lozier*   5-19-10
    (Seller's Signature)          (Date)

PJL

X _____    _____
  (Buyer's Signature)          (Date)

PJL

278. X *LAURIE ANN LOZIEK*
    (Seller's Printed Name)

X *Patricia J. Lies*
  (Buyer's Printed Name)

PJL

279. X *Married*
    (Marital Status)

X *Single*
  (Marital Status)

280. FINAL ACCEPTANCE DATE _____

281.         **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
282.         **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

283. I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE *ARBITRATION*
284. *DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT,* WHICH IS AN OPTIONAL,
285. VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.

286. SELLER(S) _____    BUYER(S) _____

287. SELLER(S) _____    BUYER(S) _____

259. Address _13313 Thomas Drive_
260. Page 7 Date _May 12, 2010_

261. OTHER: _____
262. _____
263. _____
264. _____

265. Other addenda may be attached which are made a part of this Purchase Agreement. (Enter total number of pages of
266. this Purchase Agreement, including addenda, on line two (2) of page one (1).)

267. I, the owner of the property, accept this Purchase
268. Agreement and authorize the listing broker to withdraw
269. said property from the market, unless instructed
270. otherwise in writing.
271. I have reviewed all pages of this Purchase Agreement.

I agree to purchase the property for the price and on
the terms and conditions set forth above
**I have reviewed all pages of this Purchase
Agreement.**

272. ☐ If checked, this Purchase Agreement is subject to
273. attached *Counteroffer Addendum.*

274. X _Susan Silber_  5/22/2010        X _[signature]_  12 May 10
    (Seller's Signature)         (Date)        (Buyer's Signature)         (Date)

275. X _Susan Silber_        X _Leighanne Holmes_
    (Seller's Printed Name)        (Buyer's Printed Name)

276. X _Married_        X _Pending Legal Divorce_
    (Marital Status)        (Marital Status)        _soon_

277. X _[signature]_        X _Thomas W. Lies_  May 12, 2010
    (Seller's Signature)         (Date)        (Buyer's Signature)         (Date)

278. X _Mary C. Lange_        X _Thomas W. Lies_
    (Seller's Printed Name)        (Buyer's Printed Name)

279. X _married_        X _married_
    (Marital Status)        (Marital Status)

280. FINAL ACCEPTANCE DATE _____

281.        **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
282.        **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

283. I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE *ARBITRATION*
284. *DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT,* WHICH IS AN OPTIONAL,
285. VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.

286. SELLER(S) _[signature]_        BUYER(S) _[signature]_

287. SELLER(S) _____        BUYER(S) _____

MN:PA-7 (8/05)

261. OTHER: _____

262. _____

263. _____

264. _____

265. Other addenda may be attached which are made a part of this Purchase Agreement. (Enter total number of pages of
266. this Purchase Agreement, including addenda, on line two (2) of page one (1).)

267. I, the owner of the property, accept this Purchase
268. Agreement and authorize the listing broker to withdraw
269. said property from the market, unless instructed
270. otherwise in writing.
271. I have reviewed all pages of this Purchase Agreement.

I agree to purchase the property for the price and on
the terms and conditions set forth above
I have reviewed all pages of this Purchase
Agreement.

272. ☐ If checked, this Purchase Agreement is subject to
273.   attached *Counteroffer Addendum.*

274. X_____
   (Seller's Signature)            (Date)

X_____  _12 May 10_
   (Buyer's Signature)            (Date)

275. X_____
   (Seller's Printed Name)

X_ _Leighanne Holmes_
   (Buyer's Printed Name)

276. X_____
   (Marital Status)

X_ _Pending Legal Divorce_
        _soon_
   (Marital Status)

277. X_ _Mark Lies_  _5/23/10_
   (Seller's Signature)            (Date)

X_ _Mark Lies_  _5/23/10_
   (Buyer's Signature)            (Date)

278. X_ _Mark J. Lies_
   (Seller's Printed Name)

X_ _Mark J. Lies_
   (Buyer's Printed Name)

279. X_ _Divorced_
   (Marital Status)

X_ _Divorced_
   (Marital Status)

280. FINAL ACCEPTANCE DATE _____

281.     THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).
282.     IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

283. I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE *ARBITRATION*
284. *DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT* WHICH IS AN OPTIONAL,
285. VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.

286. SELLER(S) _____

BUYER(S) _____

287. SELLER(S) _____

BUYER(S) _____

MN:PA-7 (8/09)



**New Horizons Realty Inc**

# PURCHASE AGREEMENT

259. Address _____

260. Page 7   Date _____

261. OTHER: A Carbon Monoxide detector will be in place and operational within 10' of each legal bedroom.

262. _____

263. _____

264. _____

265. Other addenda may be attached which are made a part of this Purchase Agreement. (Enter total number of pages of
266. this Purchase Agreement, including addenda, on line two (2) of page one (1).)

267. I, the owner of the property, accept this Purchase
268. Agreement and authorize the listing broker to withdraw
269. said property from the market, unless instructed
270. otherwise in writing.
271. I have reviewed all pages of this Purchase Agreement.

I agree to purchase the property for the price and on
the terms and conditions set forth above
I have reviewed all pages of this Purchase
Agreement.

272. ☐ If checked, this Purchase Agreement is subject to
273. attached Counteroffer Addendum.

274. X _Will M Lies, csc_   _5-31-10_   X _____
(Seller's Signature)                    (Date)        (Buyer's Signature)                 (Date)

275. X _WILLIAM M. LIES, C.S.C._        X _____
(Seller's Printed Name)                              (Buyer's Printed Name)

276. X _Single_                         X _____
(Marital Status)                                     (Marital Status)

277. X _____         X _____
(Seller's Signature)           (Date)                (Buyer's Signature)            (Date)

278. X _____         X _____
(Seller's Printed Name)                              (Buyer's Printed Name)

279. X _____         X _____
(Marital Status)                                     (Marital Status)

280. FINAL ACCEPTANCE DATE _____

261.        THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).
262.        IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

283. I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE ARBITRATION
284. DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT, WHICH IS AN OPTIONAL,
285. VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.

286. SELLER(S) _____    BUYER(S) _____

287. SELLER(S) _____    BUYER(S) _____

MN:PA-7 (8/09)

**Century 21**

**New Horizons Realty Inc**
16594 Hwy 27
Little Falls, MN 56345
Office: (320) 632-2381

**FINANCING ADDENDUM
DVA GUARANTEED MORTGAGE**
This form approved by the Minnesota Association of REALTORS®,
which disclaims any liability arising out of use or misuse of this form.
© 2009 Minnesota Association of REALTORS®, Edina, MN

1. Date _May 13, 2010_

2. Page _____

3. Addendum to Purchase Agreement between parties, dated _May 13_ , 20 _10_ , pertaining to the
4. purchase and sale of the property at _13313 Thomas Drive_
5. _Little Falls_
6. There ☐ IS ☒ IS NOT a *Buyer's Financial Disclosure Statement* submitted with this Purchase Agreement.
   *(Check one.)*
7. Buyer shall apply for and secure, at Buyer's expense, a **Department of Veterans' Affairs (DVA) GUARANTEED**
8. _fixed_ mortgage in the amount stated in this Purchase Agreement, amortized monthly over a period
   (Fixed, ARM, etc.)
9. of not more than _30_ years, with an initial mortgage interest rate at no more than _5½_ percent (%) per
10. annum. The mortgage application **IS TO BE MADE WITHIN FIVE (5) BUSINESS DAYS** after the Final Acceptance of
11. this Purchase Agreement. Buyer agrees to use best efforts to secure a commitment for such financing and to execute
12. all documents required to consummate said financing.

13. **FINANCING CONTINGENCY:** This Purchase Agreement is contingent upon the following and applies to the first
14. mortgage and any subordinate financing.
15. *(Check one.)*

16. For purposes of this Contingency, **"Written Statement"** means a Written Statement prepared by Buyer's mortgage
17. originator(s) or lender(s) after the Final Acceptance Date that Buyer is approved for the loan(s) specified in this Purchase
18. Agreement, including both the first mortgage and any subordinate financing, if any, and stating that an appraisal,
19. satisfactory to the lender(s), has been completed and stating conditions required by lender(s) to close the loan.

20. ☒ If Buyer cannot secure such mortgage(s) and this Purchase Agreement does not secure on the closing
21. date specified, this Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of*
22. *Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded
23. to Buyer.

24. ☐ Buyer shall provide Seller, or licensee representing or assisting Seller, with the Written Statement, on
25. or before _____ , 20 _____ .

26. Upon delivery of the Written Statement to Seller, or licensee representing or assisting Seller, the responsibility
27. for satisfying all conditions, except work orders, required by mortgage originator(s) or lender(s) are deemed
28. accepted by Buyer. Upon delivery of the Written Statement, if this Purchase Agreement does not close on the
29. stated closing date for ANY REASON relating to financing, other than Seller's failure to complete work orders to the extent
30. required by this Purchase Agreement, including but not limited to interest rate and discount points, if any, Seller
31. may, at Seller's option, declare this Purchase Agreement canceled, in which case this Purchase Agreement is
32. canceled. If Seller declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a
33. *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder
34. to be forfeited to Seller as liquidated damages. In the alternative, Seller may seek all other remedies allowed by
35. law.

36. If the Written Statement is not provided by the date specified on line 25, this Purchase Agreement is canceled.
37. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
38. directing all earnest money paid hereunder to be refunded to Buyer.

39.     **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
40.     **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

MN:FAVM-1 (8/09)

# FINANCING ADDENDUM
# DVA GUARANTEED MORTGAGE

41.    Page _____

42.    Property located at _13.313 Thomas Drive_____.

43.    **FUNDING FEE:** Pursuant to Federal Regulations, a one-time Funding Fee must be paid at the closing of this transaction
44.    as follows:

45.    _____ paid by Buyer ☐ AT CLOSING ☒ ADDED TO MORTGAGE AMOUNT
       *(Check one.)*

46.    _____ paid by Seller

47.    **NOTE:**    DVA regulations limit the fees and charges Buyer can pay to obtain a DVA loan.

48.    **DISCOUNT POINTS:** If Seller has agreed to pay discount points pursuant to this Purchase Agreement, a *Financing*
49.    *Addendum Seller's Contribution to Closing Costs and Discount Points* must be attached. Nothing in this Purchase
50.    Agreement shall prohibit Buyer from paying any mortgage discount points.

51.    **LOCKING OF MORTGAGE INTEREST RATE ("RATE"):** The Rate shall be locked with the lender(s) by Buyer
52.    *(check one):*

53.    ☐ **WITHIN FIVE (5) BUSINESS DAYS OF FINAL ACCEPTANCE OF THIS PURCHASE AGREEMENT; OR**

54.    ☐ **AT ANY TIME PRIOR TO CLOSING OR AS REQUIRED BY LENDER(S).**

55.    **DVA COMMITMENT WORK ORDERS:** Nothing in this Purchase Agreement shall be construed as a warranty that Seller
56.    shall make repairs required by the DVA commitment. However, Seller agrees to pay up to $ __0__
57.    to make repairs, as required by the DVA commitment. If the DVA commitment is subject to any work orders for which
58.    the cost of making said repairs shall exceed this amount, Seller shall have the following options:
59.    (a) making the necessary repairs; or
60.    (b) negotiating the cost of making the repairs with Buyer; or
61.    (c) declaring this Purchase Agreement cancelled, in which case this Purchase Agreement is cancelled. Buyer and
62.       Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing
63.       all earnest money paid hereunder to be refunded to Buyer, unless Buyer provides for payment of the cost of said
64.       repairs or escrow amounts related thereto above the amount specified on line 56 of this Addendum.

65.    **LENDER PROCESSING FEES:** Seller agrees to pay miscellaneous processing fees which the lender(s) cannot charge
66.    to Buyer, not to exceed $ _600.00_____.

67.    **DEPARTMENT OF VETERANS' AFFAIRS ESCAPE CLAUSE:** "It is expressly agreed that, notwithstanding any other
68.    provisions of this contract, the purchaser shall not incur any penalty by forfeiture of earnest money or otherwise be
69.    obligated to complete the purchase of the property described herein, if the contract purchase price or cost exceeds
70.    the reasonable value of this property established by the Department of Veterans' Affairs. The purchaser shall, however,
71.    have the privilege and option of proceeding with the consummation of this contract without regard to the amount of
72.    reasonable value established by the Department of Veterans' Affairs."

73.    **NOTE:**    Verify DVA requirements relating to payment of all special assessments levied and pending, and
74.               annual installments of special assessments certified to yearly taxes.

75.    **OTHER:** _____

76.    _____

77.    _____

78.    _____  5/26/2010      _____  12 May 10
       (Seller)         (Date)          (Buyer)       (Date)

79.    _____  _____       _____  _____
       (Seller)         (Date)          (Buyer)       (Date)

80.    **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
81.    **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**
MN:FAVM-2 (8/09)

# Century 21
**New Horizons Realty Inc**

## ADDENDUM TO PURCHASE AGREEMENT
This form approved by the Minnesota Association of REALTORS®,
which disclaims any liability arising out of use or misuse of this form.
© 2006 Minnesota Association of REALTORS®, Edina, MN

1. Date *May 12, 2010*

2. Page

3. Addendum to Purchase Agreement between parties, dated *May 12*, 20 *10*, pertaining to the
4. purchase and sale of the property at *13213 Thomas Drive*
5. *Little Falls, Minnesota*
6. *Contingent on:*
7. *Illegal dissolution of marriage*
8.
9. *2) Potable water test and lead test*
10. *required by VA.*
11. *3) Septic certification*
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.
31. _(Seller)_ 5/26/2010 _(Date)_ _(Buyer)_ 12 May 10 _(Date)_

32. _(Seller)_ _(Date)_ _(Buyer)_ _(Date)_

33. **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYERS AND SELLERS.**
34. **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

MN-APA (8/06)

IN RE:

Mark J. Lies
CHAPTER 7
CASE NO.  09-40248-NCD

MEMORANDUM IN SUPPORT OF MOTION OF TRUSTEE FOR
AUTHORITY TO SELL PROPERTY OF THE ESTATE

Timothy D. Moratzka ("Trustee") submits this memorandum of law in support of the

motion to sell Estate's interest in certain Real Property.

## INTRODUCTION

This Court should enter an order authorizing Trustee to sell the Real Property described

in the Motion and held by the Trustee of Mark J. Lies to Leighanne H. Holmes ("Holmes"),

because doing so would be in the best interests of the Estate.

## FACTS

The Facts are set forth in the Motion.

## ARGUMENT

Trustee has agreed to sell the Estate's interest in the Real Property.  Trustee asserts the

acceptance of the offer is a good faith exercise of his business judgment and is within the scope

of his authority as trustee.  Trustee believes that the sale price is justified by market conditions.

Tax consequences to the Estate are not extraordinary.  Such decisions should be upheld by the

Court.  One Court has stated the proposition, as follows:

> Absent fraud or mismanagement on the part of the trustee, the court will not
> attempt to second-guess the trustee's business judgment made in good faith, upon
> a reasonable basis and within the scope of the trustee's authority.

In re AFCO Enter., Inc., 35 B.R. 512, 517 (Bankr.D.Utah 1983 (citing In re Curfew

Valley Assoc., 14 B.R. 506 (Bankr.D.Utah 1981)).  Trustee believes the price to be paid

by Holmes for the Real Property is reasonable under the facts and circumstances.

Pursuant to 11 U.S.C. § 363(b)(1), the Trustee is permitted, after notice and

hearing, to use, sell or lease, other than in the ordinary course of business, property of the

estate.

Under 11 U.S.C. §363(f), the Trustee is permitted to sell property under § 363(b) free and

clear of any interest of an entity other than the estate only if:

1. applicable non-bankruptcy law permits sale of such property free and clear of such interest;

2. such entity consents;

3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4. such interest is in bona fide dispute; or

5. such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.  See 11 U.S.C. § 363(f); In re Kellstrom Industries, Inc. 282 B.R. 787, 793-96 (§ 363(f) is written in disjunctive; the court approved the sale where only one of the five conditions were met).

## CONCLUSION

For the reasons stated above, the Court should enter an order authorizing Trustee to sell

the Estate's interest in the Real Property held by the Bankruptcy Estate to Holmes for the sum of

Tow Hundred Thirty Nine Thousand and 00/Dollars ($239,000), free and clear of liens.

DATED: August 24, 2010   MACKALL, CROUNSE & MOORE

        By: /e/Timothy D. Moratzka
        Timothy D. Moratzka (Attorney No. 75036)
        Attorneys for Trustee
        1400 AT&T Tower
        901 Marquette Avenue
        Minneapolis, MN  55402
        (612) 305-1400

U.S. BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

Mark John Lies                                                    CHAPTER 7
                                                    CASE NO.  09-40248-NCD

    Debtor.

UNSWORN DECLARATION FOR PROOF OF SERVICE

Jinah E. Finnes          , employed by Mackall, Crounse & Moore, attorney(s) licensed to practice
law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue,
Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following
documents:

   Notice of Hearing and Motion of Trustee for Authority to Sell Real Property of the Estate Free
     and Clear of Certain Liens, Memorandum in Support of Motion, and proposed Order

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-
notice of the electronic filing to the following:

- Timothy D Moratzka     mcm_trustee@mcmlaw.com,
  tmoratzka@ecf.epiqsystems.com;ldj@mcmlaw.com
- Timothy D. Moratzka     tdm@mcmlaw.com, ldj@mcmlaw.com;jef@mcmlaw.com
- Richard J. Pearson     pp@mn.state.net
- US Trustee     ustpregion12.mn.ecf@usdoj.gov

I further certify that I caused a copy of the foregoing documents and the notice of electronic
filing to be e-mailed to the following non-ECF participants:

Thomas Lies
Attorney for the Estate of Delores Ann Lies
630 Roosevelt Rd., Suite 101
St. Cloud, MN  56302
tlies@pennlies.com

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  August 24, 2010                    /e/Jinah E. Finnes

1278632.1-TDM

1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

IN RE:

Mark John Lies,

CHAPTER 7
CASE NO. 09-40248-NCD

      Debtor.

---

## ORDER APPROVING SALE

---

      This case came before this Court pursuant to the Trustee's Motion for Authority to Sell

Real Property of the Estate. All parties having received proper notice and no objections filed.

Based upon the files, records and proceedings herein,

      IT IS ORDERED:

    1.      The Trustee sell the following Real Property held by the Bankruptcy Estate of

Mark J. Lies, for the sum of Two Hundred Thirty-Nine Thousand and 00/Dollars ($239,000) to

Leighanne H. Holmes:

> The land referred to is situated in the State of Minnesota, County of Morrison, and is legally described as follows:
>
> Lot 11, Highland Park Terrance, according to the plat thereof on file and of record in the office of the County Recorder in and for Morrison County, Minnesota.
>
> Property Address: 13313 Thomas Drive, Little Falls, MN 56345
> ("Real Property")

    2.      The sale will be free and clear of liens.

    3.      The Trustee is authorized and empowered to fully perform, consummate and

implement the Sale of the Real Property and execute all additional instruments and documents

that may be reasonably necessary or desirable to implement and give effect to the Sale order and

to take all further actions as may reasonably be requested by Holmes for the purpose of

assigning, transferring, granting and conveying the Real Property to Holmes and complete any

other acts, as may be otherwise necessary or appropriate to the performance of the obligations as

contemplated by the Sale.

4.     The balance of proceeds of the sale shall be held by Trustee subject to further order of the

Court.


DATED: _____          _____
                                  Nancy C. Dreher
                                  United States Bankruptcy Judge